**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**IN THE MATTER OF:** )
)
)
)    **CAUSE NUMBER 4: 12 MC 288 CDP**
**MICHAEL M. SEBOLD** )
)

## FINAL ORDER OF DISCIPLINE

This Court has been advised by receipt of a certified copy of the April 3, 2012 final order of discipline issued by the Supreme Court of Missouri in **In re: Michael M. Sebold**, Cause No. 92047, indicating that Michael M. Sebold has been suspended from the practice of law by the Supreme Court of Missouri.

Michael M. Sebold has been admitted to practice before this Court. In accordance with Local Rule 12.02 and the Rules of Disciplinary Enforcement, this Court issued its order dated April 26, 2012 directing Michael M. Sebold to show cause in writing within thirty days after service of that order why the final discipline prescribed by the Supreme Court of Missouri should not be imposed by this Court. [Doc. # 2 ] Respondent filed a timely Response on May 24, 2012 [Doc. #4] urging this Court to impose a lesser discipline than suspension of his right to practice law in the District Court. In support of his position, Respondent argues that although convicted of a felony upon his third offense involving driving an automobile while intoxicated, his conduct caused no harm to persons or property, nor did it affect the performance of his responsibilities as an attorney

before any court or in connection with his representation of any client. Although Respondent made a similar argument before the Supreme Court of Missouri, he nevertheless persists in his claim that a discipline of suspension is unwarranted.

Pursuant to the Rules of Disciplinary Enforcement, this Court may impose discipline identical to that which has been imposed upon an attorney by another jurisdiction unless the respondent attorney demonstrates, and this Court finds:

> 1. that the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> 2. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion of the other jurisdiction on that subject; or
>
> 3. that the imposition of the same discipline by this court would result in grave injustice; or
>
> 4. that the misconduct established is deemed by this court to warrant substantially different discipline.

Respondent's argument suggests, without specifically citing these rules, that this Court should decline to impose the same discipline ordered by the Supreme Court of Missouri either because doing so would result in a grave injustice or because his misconduct warrants a substantially different discipline. He does not contest any of the facts relied upon by the Supreme Court of Missouri that serve as the basis for its judgment that suspension is an appropriate discipline for his misconduct. An attorney subject to reciprocal discipline by a federal court based on a state court's disciplinary determination bears the burden of demonstrating the existence, through clear and convincing evidence, of a condition warranting a refusal to accord deference to the state court determination. **In Re Surrick, 338 F.3d 224 (3d Cir. 2003)**

That burden has not been met in this case.   At best, this Court can surmise that respondent disagrees with the determination of the Supreme Court of Missouri.   Respondent asserts that suspension requires misconduct that has had a direct relationship to the performance of responsibilities of an attorney, and his multiple DWI convictions caused no such direct harm.   Courts have routinely rejected this view, holding instead that offending conduct need not involve direct questions of honesty or trustworthiness, nor have an immediate relation to the daily business conducted by an attorney in order to warrant substantial discipline.   **In Re: Michael J. Hoare, 155 F.3d.937 (8th Cir. 1998)** Conviction of a felony may warrant suspension or disbarment even though the crime was not directly connected to the practice of law.

This Court agrees with the judgment of the Supreme Court of Missouri that an attorney's felony conviction for a third DWI represents an indifference to the law that merits a strong disciplinary response**. In Re Stewart, 342S.W. 3d 307 (Mo. banc 2011)** Even though this irresponsible conduct did not cause immediate harm to a client or to an innocent victim, it surely could have had disastrous consequences. Suspension of Respondent's right to practice law in the United States District Court is consistent with the ends of justice and the purposes of attorney discipline. Nothing in the record supports Respondent's position that his misconduct warrants a substantially different discipline.   The judgment of the Supreme Court of Missouri in this matter shall not be undermined.   This Court therefore finds that the final discipline ordered by the Supreme Court of Missouri should be imposed on Michael M. Sebold pursuant to the rules of this Court.

**IT IS HEREBY ORDERED** that Michael M. Sebold is suspended from the practice of law in the United States District Court for the Eastern District of Missouri

Dated this 23rd day of July, 2012.

**BY THE COURT:**

Chief Judge Catherine D. Perry

Judge Jean C. Hamilton

Judge Carol E. Jackson

Judge Rodney W. Sippel

Judge Henry E. Autrey

Judge Stephen N. Limbaugh, Jr.

Judge Audrey G. Fleissig

Judge John A. Ross

Senior Judge E. Richard Webber

Senior Judge Charles A. Shaw